IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KINYATA KIMBERLY NICHOLS                                 PLAINTIFF

v.                      Civil No. 2:19-CV-02145

GUARD BRANDY WALLACE and                               DEFENDANTS
ASHLEY GREY (Administrative Assistant
a/k/a Ashley Smith)

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed her Complaint on November 25, 2019. (ECF No. 1). She alleges the Defendants violated her constitutional rights multiple times starting in August of 2018 through 2019 while she was incarcerated in the Sebastian County Detention Center ("SCDC"). (*Id*. at 4-5). She alleges Defendant Wallace "knowingly exposed" her arrest file and booking sheet to other inmates, after which inmates "became violent" towards her. She does not describe any specific act or date of violence. She alleges this caused her emotional distress, resulting in loss of weight, a mental breakdown and social withdrawal. (*Id*.). She also alleges she suffered "grievance retaliation," which also caused her to suffer emotional distress. (*Id*. at 5). Plaintiff alleges Defendant Wallace led her to believe that she would harm Plaintiff's children, who were in foster care, if Plaintiff used the grievance system. As a result, Plaintiff did not do so "for a long time." (*Id*. at 2). Plaintiff recaps her interactions with Defendant Wallace over 15 handwritten, and

1

sometimes illegible, pages she has attached to her complaint. (*Id*. at 8-23). The sole allegation related to Wallace and grievances appears to be Plaintiff's statement that "Wallace has told the CD Pod and myself multiple times if we grieve we will live in HELL!" (*Id*. at 15). Plaintiff further states that Wallace married for "connects" and therefore does not need to worry about inmates telling on her. (*Id*.). Although Plaintiff lists Defendant Grey as a Defendant for each of her claims, she does not attribute any actions or inactions leading to alleged violations to this Defendant.

Plaintiff proceeds against Defendants in both their official and personal capacities. (*Id*. at 4, 5). She seeks compensatory and punitive damages. She also seeks to ensure that Defendant Wallace does not get the chance to hurt and scare another inmate as she has done to Plaintiff. (*Id*.).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Official Capacity Claims

Plaintiff fails to state any plausible official capacity claims. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff fails to identify any policy or custom of Sebastian County which violated her rights. She, therefore, fails to state any plausible official capacity claims.

### B. Defendant Grey

Plaintiff's personal capacity claims against Defendant Grey are subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged any facts supporting a causal link between Defendant Grey and her claims. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim).

## C. Defendant Wallace

Plaintiff fails to allege any plausible claims against Defendant Wallace for either Eighth Amendment or First Amendment violations.

Frist, Plaintiff alleges that Defendant Wallace violated her Eighth Amendment rights by making other inmates aware of her arrest and booking information, which caused the inmates to be violent towards her. The Eighth Amendment imposes an obligation to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875.

Plaintiff's allegations do not satisfy either prong of the test. Plaintiff does not provide any information as to why knowledge of her arrest and booking information would cause other inmates to be violent, does not describe any specific incidents or dates of violence, and does not describe any actual physical injuries. Her allegations do not permit an inference that she was housed in conditions posing a substantial risk of serious harm. Nor do her allegations permit the inference that Defendant Wallace was substantially aware of, but disregarded, an excessive risk to her health or safety.

Second, Plaintiff alleges she suffered "grievance retaliation" at the hands of Defendant Wallace. Plaintiff's allegations, however, do not describe retaliation against her for the exercise of her First Amendment rights. "To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [Plaintiff] must demonstrate (1) that [she] engaged in a protected activity; (2) that the government official took adverse action against [her] that would chill a person of ordinary firmness from continuing in the activity; and, (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)).

Here, Plaintiff does not allege that she filed a grievance and Defendant Wallace then engaged in adverse action against her in response. Instead, she merely states that Wallace issued vague verbal threats of prospective harm if she utilized the grievance system. Verbal threats may be sufficient to meet the "chilling" requirement, particularly if circumstances contextually support that they are threats of death or serious harm; however, allegations of vague, speculative, conclusory, or *de minimis* threats cannot support a retaliation claim. *See, e.g.*, *Santiago*, 707 F.3d at 991 ("[T]hreats of death, issued by a correctional officer tasked with guarding a prisoner's segregated cell, would chill a prisoner of ordinary firmness from engaging in the prison grievance process."); *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (guard pointing a gun at inmate, cocking it, and threatening him with "instant death" immediately after inmate had testified against another guard sufficiently adverse); *but, see Rustan v. Rasmussen*, 208 F.3d 218 (8th Cir. 2000) (unpublished) (allegations that Defendants harassed and verbally threatened him in retaliation for a grievance did not form the basis of a cognizable § 1983 claim); *Evenstad v. Herberg*, 994 F.Supp.2d 995, 1001 (D. Minn. 2015) ("Without a more specific reference to Evenstad or what he might have coming, without a history of abuse or a pattern of threats, and unaccompanied by any

menacing gesture, [the correctional officer's] statement ['We'll be ramping things up'] simply is not sufficiently threatening to chill a person of ordinary firmness from continuing a protected activity."); *see also Dunbar v. Barone*, 487 F. App'x. 721, 723 (3d Cir. 2012)(unpublished) ("verbal threats and [a] few gestures of racial harassment" are not sufficiently adverse to support a retaliation claim.); *Riley v. Coutu*, 172 F.R.D. 228, 235 (E.D. Mich. 1997) ("Certain means of 'retaliation' may be so *de minimis* as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response.").

Plaintiff's speculative and *de minimis* allegations concerning Wallace's vague verbal threats do not support a retaliation claim. Nor was Plaintiff actually chilled by those alleged verbal threats, as she states she ultimately used the SCDC grievance system and then filed three § 1983 cases with this Court concerning her time in SCDC. *See also Nichols v. Dumas*, Case No. 2:19-cv-02143-PKH-MEF; *Nichols v. Houston*, Case No. 2:19-cv-02157-PKH-MEF.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore direct the clerk to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 18th day of February 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE

6